UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| PETER AVERY, an individual; ESTATE OF BARBARA R. NAVARRO, by Personal Representative LARRY HALL; ESTATE OF VIOLA LANCIONI, by Personal Representative ELITA RICE; ESTATE OF ILENE L. POST, by Personal Representative CHERYL BARRETT; CHRISTINE COLE, an individual; DONG LIN, an individual; ALAN NOTENBAUM, an individual; KELLIE SINKE, a/k/a KELLIE CAMPOS, an individual; DEBORAH J. PARKER, f/k/a DEBORAH J. WHILDEN, f/k/a DEBORAH J. BELBOT, an individual; HARRY CAMPBELL, an individual; MARCO MORALES, an individual; LINDA BUFORD, an individual; FAUSTO ROSARIO, an individual; DAVID VANDERVEEN, an individual; JOSE LUZON, an individual; ESTATE OF GWENDOLYN M. GORMAN, by Personal Representative COURTNIE VAUGHN; WILLIE DAWSON, an individual; SUPERIOR REAL ESTATE INVESTMENT COMPANY II, a Michigan corporation; and PATRICIA TERPSTRA, by RICHARD TERPSTRA, Power of Attorney,<br><br>          Plaintiffs,<br>v.<br><br>KENT COUNTY, a governmental unit; PETER MACGREGOR, in his individual and official capacity; and KENNETH D. PARRISH, in his individual and official capacity.<br><br>          Defendants.<br>_____ / | No. 1:23-cv-929<br><br>Hon. _____<br><br>Removed from the Kent County Circuit Court in Grand Rapids, Michigan<br><br>Case No.: 23-07123-CZ |

## DEFENDANTS' NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN, pursuant to 28 U.S.C. § 1331 and § 1441, that the above-stated matter pending before the 17th Circuit Court for the County of Kent in the City of Grand Rapids, Michigan (Case No. 23-07123-CZ) is removed to the United States District Court for the

Western District of Michigan.[1] In support, Defendants Kent County and Peter MacGregor state as follows:

## I. BACKGROUND

1. On July 27, 2023, Plaintiffs Peter Avery; Estate of Barbara R. Navarro, by Personal Representative Larry Hall; Estate of Viola Lancioni, by Personal Representative Elita Rice; Estate of Ilene L. Post, by Personal Representative Cheryl Barrett; Christine Cole; Dong Lin; Alan Notenbaum; Kellie Sinke, a/k/a Kellie Campos; Deborah J. Parker, f/k/a Deborah J. Whilden, f/k/a Deborah J. Belbot; Harry Campbell; Marco Morales; Linda Buford; Fausto Rosario; David Vanderveen; Jose Luzon; Estate of Gwendolyn M. Gorman, by Personal Representative Courtnie Vaughn; Willie Dawson; Superior Real Estate Investment Company II; and Patricia Terpstra, by Richard Terpstra, Power of Attorney, filed this civil action in the Kent County Circuit Court.

2. Defendants Kent County and Peter MacGregor were served on August 11, 2023.

3. Defendant Kenneth D. Parrish has not been served.

4. Removal is timely, pursuant to 28 U.S.C. § 1446(b), because the Defendants Kent County and Peter MacGregor have filed this Notice of Removal within 30 days of being served with the Summons and Complaint.

5. The time for Defendants to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

6. A copy of the state-court docket is attached as Exhibit A.

---

[1] Defendants respectfully submit this notice with full reservation of rights and without waiving any of their defenses under Federal Rule of Civil Procedure 12.

7. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants are attached as Exhibit B.

8. Pursuant to 28 U.S.C. § 1446(d), Defendants Kent County and Peter MacGregor are contemporaneously filing a Notice of Removal with the Kent County Circuit Court in Kent County.

## II. REMOVAL IS PROPER BECAUSE FEDERAL QUESTION JURISDICTION EXISTS

9. This Court has original jurisdiction over Plaintiffs' Complaint pursuant to 28 U.S.C. § 1331 and this action is removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a), which authorizes removal based on federal question jurisdiction.

10. Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

11. Here, Plaintiffs allege claims arising under 42 U.S.C. § 1983. (Compl. Counts VI, VII, VIII.)

12. Plaintiffs also allege claims that purport to arise directly from the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. (*Id.*, Counts IX, X.)

13. Therefore, federal question jurisdiction exists. *See* 28 U.S.C. § 1331.

## III. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE STATE-LAW CLAIMS.

14. In cases in which this Court had original federal question jurisdiction, this Court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

15. Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.")

16. Here, Plaintiffs' state-law claims for constructive trust, unjust enrichment, inverse condemnation, conversion, and statutory conversion all derive from the same alleged tax foreclosures and sales of properties allegedly owned by Plaintiffs that purportedly gave rise to proceeds exceeding the unpaid property taxes and associated fees, interest, and costs. (*See generally*, Compl.)

17. Venue is proper removal to this Court under 28 U.S.C. § 1391 because the Kent County Circuit Court, where the Complaint was filed, is a state court within the Western District of Michigan.

18. Pursuant to 28 U.S.C. § 1446(d), the Defendants are filing a written notice of this removal with the Clerk of the Kent County Circuit Court in Kent County, Michigan, which along with this notice, is being served upon Plaintiffs' counsel.

## CONCLUSION

For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1331, supplemental jurisdiction exists under 28 U.S.C. § 1367, and removal is appropriate under 28 U.S.C. § 1441.

Dated: September 1, 2023

*s/ Matthew T. Nelson*
Matthew T. Nelson
Kristina M. Munsters
Michael J. Bovill
WARNER NORCROSS + JUDD LLP

5

150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
616.752.2000
mnelson@wnj.com
kmunsters@wnj.com
mbovill@wnj.com

*Attorney for Defendants Kent County and Peter MacGregor*

054096.079328 #29178668-2